**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
LEO A. BAUTISTA, SB# 149889
  E-Mail: Leo.Bautista@lewisbrisbois.com
JOSEPHINE BROSAS, SB# 239342
  E-Mail: Josephine.Brosas@lewisbrisbois.com
YANGYANG LI, SB# 298208
  E-Mail: Travis.Li@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Just Born, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JUST BORN, INC., a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:17-cv-01630-JAH-JMA<br><br>[*Assigned to the Hon. John A. Houston*]<br><br>Courtroom 13B<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

4817-7345-4673.2  3:17-cv-01630-JAH-JMA

ANSWER TO CLASS ACTION COMPLAINT

Defendant Just Born, Inc. ("Defendant" or "Just Born") hereby answers Plaintiff Anthony Buso's ("Plaintiff" or "Buso") Class Action Complaint ("Complaint") and alleges its Affirmative Defenses as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff purports to bring this lawsuit to charge "Defendant with intentionally packaging its "Mike and Ike Original Fruits" product in opaque containers that contain approximately 30% empty space." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint, including footnotes 1 and 2 and the quoted language in paragraph 1, and on that basis, denies them.

2. Defendant admits that Plaintiff purports to bring, individually and on behalf of all others similarly situated, this Complaint resulting from allegedly unlawful and deceptive actions of Defendant with respect to the packaging of the "Mike and Ike Original Fruits" product. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and as such, denies them.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and as such, denies them.

4. Defendant denies each and every allegation contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits that the amount in controversy in this action exceeds the sum or value of $5,000,000. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6.  Defendant denies each and every allegation contained in paragraph 6 of the Complaint.

7.  Defendant admits that this Court has personal jurisdiction over Defendant. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 7 of the Complaint, including any legal conclusions to which no response is required.

8.  Defendant admits that venue is proper based on the allegations as presently pled. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and as such, denies them. This paragraph also contains legal conclusions to which no response is required.

## **PARTIES**

9.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and as such, denies them.

10. Defendant admits that Defendant is a Pennsylvania corporation with its principal place of business located in Bethlehem, Pennsylvania. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and as such, denies them.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and as such, denies them.

12. Defendant denies each and every allegation contained in paragraph 12 of the Complaint, as to the answering defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and as such, denies them.

## FACTUAL ALLEGATIONS

13. Defendant admits that Plaintiff purports to quote language from California Business & Professions Code § 12601. The provision that Plaintiff purports to quote is the best evidence of its content. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff purports to quote and characterize language from California Business & Professions Code § 12606(b). The provision that Plaintiff purports to quote is the best evidence of its content. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 14.

15. Defendant denies each and every allegation contained in paragraph 15 of the Complaint.

16. Defendant admits that the alleged MIKE AND IKE® product depicted in paragraph 17 of the Complaint was sold in a non-transparent container. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in paragraph 17 of the Complaint.

18. Defendant denies each and every allegation contained in paragraph 18 of the Complaint.

19. Defendant denies each and every allegation contained in paragraph 19 of the Complaint.

20. Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

21. Defendant denies each and every allegation contained in paragraph 21 of the Complaint.

1  22. Defendant denies each and every allegation contained in paragraph 22 of
2  the Complaint.

3  23. Defendant denies each and every allegation contained in paragraph 23 of
4  the Complaint.

5  24. Defendant denies each and every allegation contained in paragraph 24 of
6  
7  the Complaint.

8  25. Defendant denies each and every allegation contained in paragraph 25 of
9  the Complaint.

10  26. Defendant denies each and every allegation contained in paragraph 26 of
11  the Complaint.

12  27. Defendant denies each and every allegation contained in paragraph 27 of
13  the Complaint.

14  
15  28. Defendant denies each and every allegation contained in paragraph 28 of
16  the Complaint.

17  **CLASS ACTION ALLEGATIONS**

18  29. Defendant admits that Plaintiff purports to bring this action as a class
19  action on behalf of himself and a class ("Proposed Class") defined as "All California
20  residents who made retail purchases of Mike and Ike products in containers with non-
21  functional slack-fill, during the applicable limitations period up to and including final
22  judgment in this action." Defendant specifically denies that Plaintiff's action is
23  entitled to class certification under Rule 23 of the Federal Rules of Civil Procedure.
24  Defendant further denies that Plaintiff is entitled to any relief. Except as expressly
25  admitted herein, Defendant denies the remaining allegations in paragraph 29 of the
26  Complaint.

27  30. Defendant admits that Plaintiff purports to exclude certain persons and
28

entities from the Proposed Class. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff purports to reserve the right to revise the Proposed Class definition. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 31 of the Complaint.

32. Defendant denies each and every allegation contained in paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in paragraph 33 of the Complaint.

34. Defendant denies each and every allegation contained in paragraph 34 of the Complaint.

35. Defendant denies each and every allegation contained in paragraph 35 of the Complaint.

36. Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

37. Defendant denies each and every allegation contained in paragraph 37 and subparagraphs i through ix of the Complaint.

38. Defendant denies each and every allegation contained in paragraph 38 of the Complaint.

39. Defendant denies each and every allegation contained in paragraph 39 of the Complaint.

40. Defendant denies each and every allegation contained in paragraph 40 of the Complaint.

41. Defendant denies each and every allegation contained in paragraph 41 of the Complaint.

42. Defendant denies each and every allegation contained in paragraph 42 of the Complaint.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of California's Consumer Legal Remedies Act,**

**Cal. Civ. Code § 1750, et seq.**

43. Defendant incorporates by reference its responses to the previous paragraphs, and incorporates the same as if fully set forth herein.

44. Defendant admits that Plaintiff purports to bring this action pursuant to Civil Code Section 1750, *et seq.*, the Consumer Legal Remedies Act ("CLRA"), individually and on behalf the Proposed Class which he purports to seek to represent. Defendant denies that Plaintiff or the alleged class is entitled to any relief and denies the remaining allegations in paragraph 44 of the Complaint.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and as such, denies them.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and as such, denies them. Defendant otherwise denies each and every allegation contained in paragraph 46 of the Complaint.

47. Defendant denies each and every allegation contained in paragraph 47 of the Complaint.

48. Defendant denies each and every allegation contained in paragraph 48 of the Complaint.

49. Defendant admits that Plaintiff purports to quote language from the

CLRA § 1770(a)(5).  The provision that Plaintiff purports to quote is the best evidence of its content.  Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 49 of the Complaint.

50.  Defendant admits that Plaintiff purports to quote language from the CLRA § 1770(a)(9).  The provision that Plaintiff purports to quote is the best evidence of its content.  Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 50 of the Complaint.

51.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "Plaintiff and the Class Members are not sophisticated experts about corporate branding, labeling and packaging practices" and therefore denies such allegation.  Defendant denies each and every remaining allegation contained in paragraph 51 of the Complaint.

52.  Defendant denies each and every allegation contained in paragraph 52 of the Complaint.

53.  Defendant admits that Plaintiff purports to have sent a letter to Defendant, which Plaintiff alleges a true and correct copy of which is attached as Exhibit 1 to the Complaint.  Defendant also admits that Plaintiff purports to allege what the letter states, but the letter itself is the best evidence of its contents.  Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 53 of the Complaint.

54.  Defendant admits that Plaintiff purports to seek injunctive relief, but denies the remaining allegations contained in paragraph 54 of the Complaint.

## SECOND CAUSE OF ACTION

**Violation of California's Unfair Competition Law,**

**Cal. Business & Professions Code § 17200,** *et seq.*

55. Defendant incorporates by reference its responses to the previous paragraphs, and incorporates the same as if fully set forth herein.

56. Defendant admits that Plaintiff purports to bring this action individually and on behalf of the members of the Proposed Class pursuant to California's Unfair Competition Law ("UCL"), Cal. Business and Professions Code Section §§ 17200 *et seq.*. Defendant denies that Plaintiff or the alleged class is entitled to any relief and denies the remaining allegations in paragraph 56 of the Complaint.

57. Defendant admits that plaintiff purports to quote language from a portion of the UCL.  The provision that Plaintiff purports to quote is the best evidence of its content.  Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 57 of the Complaint.

58. Defendant denies each and every allegation contained in paragraph 58 of the Complaint.

### A.   "Unlawful" Prong

59. Defendant denies each and every allegation contained in paragraph 59 of the Complaint.

60. Defendant denies each and every allegation contained in paragraph 60 of the Complaint.

### B.   "Unfair" Prong

61. Defendant denies each and every allegation contained in paragraph 61 of the Complaint.

### C.   "Fraudulent" Prong

62. Defendant denies each and every allegation contained in paragraph 62 of the Complaint.

63. Defendant lacks sufficient knowledge or information to form a belief as

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

to the truth of the allegation that "Plaintiff and the Class Members are not sophisticated experts about corporate branding, labeling and packaging practices" and therefore denies such allegation. Defendant denies each and every remaining allegation contained in paragraph 63 of the Complaint.

64. Defendant denies each and every allegation contained in paragraph 64 of the Complaint.

65. Defendant denies each and every allegation contained in paragraph 65 of the Complaint.

## THIRD CAUSE OF ACTION

### Violation of California's False Advertising Law,

### Cal. Business & Professions Code § 17500, *et seq.*

66. Defendant incorporates by reference its responses to the previous paragraphs, and incorporates the same as if fully set forth herein.

67. Defendant admits that Plaintiff purports to bring this action pursuant to California's False Advertising Law ("FAL"), Cal. Business and Professions Code Section 17500 *et seq.*, on his own behalf and on behalf of the Proposed Class. Defendant denies that Plaintiff or the alleged class is entitled to any relief and denies the remaining allegations in paragraph 67 of the Complaint.

68. Defendant admits that Plaintiff purports to quote language from a portion of FAL. The provision that Plaintiff purports to quote is the best evidence of its content. Except as expressly admitted herein, Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies each and every allegation contained in paragraph 69 of the Complaint.

70. Defendant denies each and every allegation contained in paragraph 70 of

1  the Complaint.

2  71.   Defendant denies each and every allegation contained in paragraph 71 of the Complaint.

72.   Defendant denies each and every allegation contained in paragraph 72 of the Complaint.

73.   Defendant denies each and every allegation contained in paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

In response to Plaintiff's unnumbered paragraph under "Prayer for Relief" on pages 20 through 21 of the Complaint, Defendant denies that Plaintiff is entitled to any judgment against Defendant or any of the relief he seeks in that paragraph, including under sub-sections (A) through (I).  Defendant specifically denies that any class or classes can or should be certified.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(NON-CERTIFIABLE CLASS)

The Complaint does not state facts sufficient to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, this action is not properly brought as a class action.

## THIRD AFFIRMATIVE DEFENSE

(INADEQUACY OF CLASS REPRESENTATIVE)

Plaintiff is not a proper representative of the class he purports to represent and, therefore, this action is not properly brought as a class action.

## FOURTH AFFIRMATIVE DEFENSE

### (COMMON ISSUES DO NOT PREDOMINATE)

Class treatment is not proper because individual issues of law and fact predominate over common issues.

## FIFTH AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

Plaintiff and/or members of the putative class lack standing to bring any or all of the claims alleged in the Complaint against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (FUNCTIONAL SLACK FILL)

Plaintiff and/or the members of the putative class are not entitled to any recovery from Defendant because any slack-fill in the packaging of the products at issue is excluded from the definition of "nonfunctional slack fill" pursuant to Cal. Bus. and Prof. Code Section 12606(b)(1) to (15) and under 21 C.F.R. 100.100 *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE

### (SAFE HARBOR)

If and to the extent Cal. Bus. and Prof. Code Section 12606(b)(1) to (15) and 21 CFR §100.100 create safe harbors, Plaintiff and/or the members of the putative class are not entitled to any recovery from Defendant because the packaging of the products at issue falls within one or more of these safe harbors.

## EIGHTH AFFIRMATIVE DEFENSE

### (WAIVER)

1  Plaintiff and/or members of the putative classes' claims are barred in whole or
2  in part by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

### (CONSENT)

Plaintiff and/or members of the putative classes' claims are barred in whole or in part because Plaintiff consented to the conduct about which he complains.

### TENTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Plaintiff and/or members of the putative classes' claims are barred in whole or in part by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

### (LACHES)

Plaintiff and/or members of the putative classes' claims are barred in whole or in part by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Plaintiff and/or members of the putative classes' claims are barred in whole or in part by their failure to mitigate and reduce their damages, if any, as required by law.

### THEIRTEENTH AFFIRMATIVE DEFENSE

### (GOOD FAITH)

Plaintiff and/or the members of the putative class are not entitled to relief on their claims, in whole or in part, because at all relevant times Defendant acted in good faith and with proper cause.

## FOURTEENTH AFFIRMATIVE DEFENSE

(NO DUTY TO DISCLOSE)

Plaintiff and/or the members of the putative class are not entitled to relief on their claims, in whole or in part, because Defendant owed them no duty of disclosure.

## FIFTEENTH AFFIRMATIVE DEFENSE

(DUE PROCESS)

An award of monetary relief, including but not limited to punitive damages, to Plaintiff and/or the putative class members would violate the due process provisions of the United States Constitution and the constitutions of each individual state.

## SIXTEENTH AFFIRMATIVE DEFENSE

(STATUTE OF LIMITATIONS)

Plaintiff and/or members of the putative classes' claims are barred, in whole or in part, by the applicable statute of limitations or repose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(ADDITIONAL DEFENSES)

Defendant alleges that it may have other separate and additional defenses of which it is not presently aware and which may or will be developed through discovery and/or through further legal analysis of its position in this action, and hereby reserves its right to assert them by amendment to this answer at a later date.

## PRAYER FOR RELIEF

Defendant prays this Court enter judgment against Plaintiff and any Class members, Plaintiff and any Class members take nothing by their claims against Defendant, and Defendant be awarded its taxable costs and reasonable attorneys' fees, and all such other and further relief as the Court may deem just and proper.

DATED: October 14, 2017        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ Eric Y. Kizirian
Eric Y. Kizirian
Leo A. Bautista
Josephine Brosas
Yangyang Li
Attorneys for Defendant Just Born, Inc.

## **DEFENDANT'S DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues.

DATED: October 14, 2017        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ Eric Y. Kizirian
Eric Y. Kizirian
Leo A. Bautista
Josephine Brosas
Yangyang Li
Attorneys for Defendant Just Born, Inc.